# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JANTESHA GIBSON, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 25-124** |
| **UNITED STATES POSTAL SERVICE, ET AL.** | **SECTION: D (5)** |

## ORDER AND REASONS

Before the Court is Federal Defendant's Motion to Dismiss, filed by the United States Postal Service ("USPS").[1] Jantesha Gibson[2] and Natisha Gibson ("Plaintiffs") oppose the Motion.[3] USPS has filed a Reply.[4] After careful consideration of the parties' memoranda, the record, and the applicable law, the Court **GRANTS** the Motion.

### I.   FACTUAL AND PROCEDURAL BACKGROUND

This suit arises out of an automobile accident.[5] On November 29, 2022, Jantesha Gibson, her two children, and her mother Natisha Gibson were sitting in a parked car in Ponchatoula, Louisiana, when it was struck by a vehicle performing mail delivery services related to USPS.[6] Porsha Blackmore was operating the mail delivery vehicle pursuant to a Highway Transportation Contract (the

---

[1] R. Doc. 19.
[2] Jantesha Gibson filed suit individually and on behalf of her children J.W. and J.G. R. Doc. 11 at p. 1. For the sake of convenience only, the Court solely refers to Plaintiffs Jantesha Gibson and Natisha Gibson in this Order and Reasons.
[3] R. Doc. 27.
[4] R. Doc. 32.
[5] R. Doc. 11.
[6] *Id.* at p. 3.

"Transportation Contract") between USPS, Porsha Blackmore, and Blackmore Contract Delivery, LLC.[7]

The Transportation Contract was for a term beginning on April 1, 2020 and ending on September 30, 2024 for USPS mail delivery services along a specified route in Ponchatoula, Louisiana.[8] Porsha Blackmore was required to supply her own equipment and vehicle for mail delivery services, subject to vehicle requirements in the form of size, age, and presentation imposed by USPS.[9] Porsha Blackmore was required to obtain automobile insurance for her vehicle, and the Transportation Contract provided that she was solely liable for any damage or loss to her equipment and vehicle, except for any acts of negligence or omissions that could be attributed to the fault of USPS or a USPS employee.[10] The Transportation Contract also provided Porsha Blackmore with a daily schedule and required that she report to an on-site USPS administrative official for any issues.[11] Blackmore's salary was based on the

---

[7] *Id.* at p. 3. Blackmore Contract Delivery, LLC is a limited liability company with one sole member, Porsha Blackmore. R. Doc. 31 at p. 2.
[8] R. Doc. 19-8 at p. 7. The Transportation Contract in effect at the time of the November 29, 2022 accident was for a term beginning April 1, 2020 and ending on September 30, 2024. *Id.* The Transportation Contract was thereafter amended for a new term of October 1, 2024 through September 30, 2030. *Id.* at p. 3. When the Transportation Contract was amended, a new Statement of Work and Specifications came into effect on October 1, 2024. *Id.* at p. 12. The parties have not entered into the record a different version of the Statement of Work and Specifications, nor have the parties indicated that the October 1, 2024 Statement of Work and Specifications is different from the Statement of Work and Specifications that was in effect at the time of the November 29, 2022 accident. Alternatively, both parties cite to the October 1, 2024 Statement of Work and Specifications for their arguments. *See* R. Docs. 19 and 27. In light of this, the Court only considers what is entered into evidence – the October 1, 2024 Statement of Work and Specifications.
[9] R. Doc. 19-8 at pp. 15–17.
[10] *Id.* at p. 22.
[11] *Id.* at pp. 12–15.

distance and estimated time for deliveries along with additional compensation for extra trips or increases in gas prices.[12]

On or about July 28, 2023, Plaintiffs' counsel provided USPS with four separate Standard Form 95[13] documents to present their administrative claims arising out of the November 29, 2022 accident in Ponchatoula, Louisiana.[14] On April 25, 2024, USPS denied Plaintiffs' administrative claims for losses arising out of the November 29, 2022 accident.[15] Such denial was based on USPS' finding that no negligent or wrongful conduct occurred on behalf of any USPS employee because Porsha Blackmore was an independent contractor operating under the Transportation Contract.[16]

Plaintiffs filed a request for reconsideration from USPS on July 29, 2024, arguing that Porsha Blackmore's vehicle did not expressly identify itself as an independent contractor vehicle.[17] Instead, according to Plaintiffs, Porsha Blackmore's vehicle bore the USPS insignia, creating a reasonable assumption that the vehicle was being operated by a USPS employee.[18] On November 12, 2024, USPS denied

---

[12] *See id.* at p. 7–8. While R. Doc. 19-8 at p. 7 illustrates the new contract rate for the September 30, 2024 amendment to the Transportation Contract, it is clear that, at the time of the November 29, 2022 accident, USPS was paying Blackmore Contract Delivery, LLC based on the amount of miles driven at a rate per mile. *Id.*

[13] The purpose of a Standard Form 95 is to officially present an administrative claim for injury or loss to the appropriate federal agency under the Federal Tort Claims Act. *See* 28 C.F.R. § 14.2; *Kirklin v. U.S. Government*, No. CIV. A. 00–3043., 2001 WL 1334991, at *2 (E.D. La. Oct. 29, 2001)(Fallon, J.)("The Federal Torts Claim Act . . . requires each individual seeking damages to present his or her claim to the appropriate administrative agency. 28 U.S.C. § 2675(a).").

[14] R. Doc. 19-3.
[15] R. Doc. 19-4.
[16] *Id.* at p. 1.
[17] R. Doc. 19-5.
[18] *Id.*

Plaintiffs' request for reconsideration.[19] According to USPS, it found no new evidence warranting a reversal of its previous denial.[20] Less than six months later,[21] on January 17, 2025, Plaintiffs filed suit against Porsha Blackmore, Blackmore Contract Delivery, LLC, and USPS in this Court.[22] As relevant here, Plaintiffs assert claims for negligence and negligent oversight and supervision of Porsha Blackmore against USPS.[23]

USPS filed the instant Motion to Dismiss on June 6, 2025, alleging that the Court lacks subject matter jurisdiction over the claims against USPS under Fed. R. Civ. P. 12(b)(1) and the Federal Tort Claims Act ("FTCA").[24] USPS specifically alleges that:

> As an initial matter, the complaint names the United States Postal Service as a defendant, instead of the United States, as suits under the FTCA may proceed only against the latter. Additionally, and more significantly, Plaintiffs' claims are jurisdictionally barred by the FTCA because co-defendants, Porsha Blackmore and her legal alter ego, Blackmore Contract Delivery, LLC, the individual whose acts or omissions allegedly gave rise to Plaintiffs' claims, comprise an independent contractor of the Postal Service. Since the allegedly negligent individual is not a federal employee as defined by the FTCA, suit against the United States is barred under the doctrine of sovereign immunity. 28 U.S.C. § 2671. Thus, even if Plaintiffs substitute the

---

[19] R. Doc. 19-6.
[20] *Id.*
[21] In the letter denying Plaintiffs' request for reconsideration, mailed on November 12, 2024, USPS stated that "[i]n accordance with 28 U.S.C. § 2401(b) and 39 C.F.R. 912.9(a), if dissatisfied with the Postal Service's final denial of an administrative claim, a claimant may file suit in a United States District Court no later than six (6) months after the date the Postal Service *mails* the notice of that final action." R. Doc. 19-6 at p. 1. The Court finds that Plaintiffs have timely filed suit *solely* against USPS under § 2401(b). The Court, however, makes no determination in this Order and Reasons as to whether Plaintiffs timely filed suit against Defendants Blackmore Contract Delivery, LLC and Porsha Blackmore.
[22] Plaintiffs initially filed suit on January 17, 2025. R. Doc. 1. The operating Complaint, however, was filed on February 11, 2025. R. Doc. 11.
[23] R. Doc. 11 at pp. 3–4.
[24] R. Doc. 19-1 at p. 2.

4

United States in place of the USPS, i.e., the Federal Defendant, the lawsuit will still have to be dismissed against Federal Defendant.[25]

Plaintiffs oppose the Motion.[26] Initially, Plaintiffs concede that "under the FTCA, the United States is the proper party defendant, not the agency itself. This naming issue is easily cured by substituting the United States as defendant, and Plaintiffs stand ready to amend the complaint accordingly."[27] Plaintiffs, however, contend that "USPS retained and exercised substantial control over Blackmore's day-to-day mail delivery operations that included her schedule, duties, equipment, and compliance with USPS policies such that she was 'acting on behalf of a federal agency in an official capacity' and functioned as an agent of USPS. Because Blackmore was essentially a Postal Service employee for FTCA purposes, Plaintiffs' claims fall squarely within the FTCA's waiver of immunity."[28] As a final point, Plaintiffs claim that "[e]ven if the Court finds any pleading deficiency in naming the proper party or in alleging the employment relationship, the proper remedy is to permit amendment or jurisdictional discovery and not dismissal."[29]

USPS has filed a Reply.[30] In its memorandum, USPS contends that:

> Plaintiffs' Memorandum in Opposition . . . focuses on the performance requirements detailed in the Transportation Contract the Postal Service had with Porsha Blackmore, the alleged tortfeasor/driver, and conflates same with actual supervision of this contractor's activities in carrying out the object of the contract—rural mail delivery. These requirements have been reviewed by numerous other courts, all of whom concluded that their presence and specificity did not convert the contract carrier into a Postal Service employee.

---

[25] *Id.* (internal quotation marks removed).
[26] R. Doc. 27.
[27] *Id.* at p. 2.
[28] *Id.*
[29] *Id.*
[30] R. Doc. 32.

5

>Plaintiffs' suggestion of Jurisdictional discovery is deficiently made and, in any event, unwarranted as both the contract details and the attached declaration from the Ponchatoula Postmaster, establish Porsha Blackmore's status as an independent contractor beyond cavil.[31]

Therefore, according to USPS, the instant Motion should be granted.[32]

## II. LEGAL STANDARD

"'It is elementary that the United States, as sovereign, is immune from suits save as it consents to be sued . . . and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit.'"[33] The Federal Tort Claims Act "constitutes a limited waiver of sovereign immunity[,]"[34] and "courts must strictly construe all waivers of the federal government's sovereign immunity, and must resolve all ambiguities in favor of the sovereign."[35] According to the Supreme Court, however, "this principle is unhelpful in the FTCA context, where unduly generous interpretations of the exceptions run the risk of defeating the central purpose of the statute."[36] Thus, when analyzing an exception to waivers of sovereign immunity, the court should "identify those circumstances which are within the words and reason of the exception—no less and no more."[37]

Indeed, "[u]nder the FTCA, Congress has waived sovereign immunity and has granted consent for the government to be sued for acts committed by any 'employee

---

[31] *Id.* at p. 1 (internal quotation marks removed).
[32] *Id.*
[33] *Linkous v. U.S.*, 142 F.3d 271, 275 (5th Cir. 1998)(quoting *United States v. Mitchell*, 445 U.S. 535, 538 (1980)).
[34] *Id.* (citing *28* U.S.C. § 1346(b); *United States v. Orleans,* 425 U.S. 807, 813 (1976)).
[35] *Linkous*, 142 F.3d at 275 (citation modified).
[36] *Dolan v. U.S. Postal Serv.*, 546 U.S. 481, 491–92 (2006)(citation modified).
[37] *Id.* at 492. (citation modified).

of the Government while acting within the scope of his office or employment.'"[38] However, the FTCA "does not extend to acts of independent contractors."[39] Accordingly, "if the act was not committed by an employee of the Government, then the court must dismiss for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1)."[40]

"A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case."[41] The Court, when faced with a motion under Rule 12(b)(1), "has the power to dismiss for lack of subject matter jurisdiction on any one of three separate bases: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts."[42] "A factual attack on the subject matter jurisdiction of the court . . . challenges the facts on which jurisdiction depends and matters outside of the pleadings, such as affidavits and testimony, are considered."[43] "If the defendant makes a factual attack on the Court's jurisdiction by 'submitting affidavits,

---

[38] *Linkous*, 142 F.3d at 275 (quoting 28 U.S.C. § 1346(b)). In pertinent part, an "Employee of the Government" is defined as "officers or employees of any federal agency, members of the military or naval forces of the United States, . . . and persons acting on behalf of a federal agency in an official capacity, temporarily or permanently in the service of the United States, whether with or without compensation[.]" 28 U.S.C. § 2671.
[39] *Linkous*, 142 F.3d at 275.
[40] *Id.* (citation modified).
[41] *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998)(citation modified).
[42] *Campos v. United States*, 888 F.3d 724, 729 (5th Cir. 2018).
[43] *Oaxaca v. Roscoe*, 641 F.2d 386, 391 (5th Cir. Unit A Apr. 1981). "A motion to dismiss for want of subject matter jurisdiction can take the form of a facial attack on the complaint, requiring the court merely to assess whether the plaintiff has alleged a sufficient basis of subject matter jurisdiction, taking all allegations in the complaint as true. A factual attack on the subject matter jurisdiction of the court, however, challenges the facts on which jurisdiction depends and matters outside of the pleadings, such as affidavits and testimony, are considered." *Id.* (citation modified).

testimony, or other evidentiary materials,' then the plaintiff is also required to submit facts through some evidentiary method and has the burden of proving by a preponderance of the evidence that the trial court does have subject matter jurisdiction.'"[44] "Because at issue in a factual 12(b)(1) motion is the trial court's jurisdiction—its very power to hear the case—there is substantial authority that the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case."[45]

### III. ANALYSIS

USPS alleges that Porsha Blackmore is an independent contractor, as opposed to a federal postal service employee, thus immunizing the government from Plaintiffs' claims under the FTCA.[46] Plaintiffs, in turn, contend that Porsha Blackmore is a federal postal service employee pursuant to the terms of the Transportation Contract, thereby falling under the government's waiver of immunity in the FTCA.[47] For the reasons set forth below, the Court finds that Porsha Blackmore is an independent contractor under the Transportation Contract, requiring dismissal of Plaintiffs' claims against USPS.[48]

According to the Fifth Circuit, "'[t]he critical factor in determining whether an individual is an employee of the government or an independent contractor is the power of the federal government to control the detailed physical performance of the

---

[44] *Owens v. United States*, CIVIL ACTION No. 19-485, 2019 WL 1587159, at *1 (E.D. La. April 12, 2019)(Africk, J.)(quoting *Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. May 1981)(citation modified)).
[45] *Kling v. Hebert*, 60 F.4th 281, 284 (5th Cir. 2023).
[46] R. Doc. 19-1 at p. 2.
[47] R. Doc. 27 at p. 2.
[48] Leave to amend is likewise denied. *See* discussion *infra* Part. IV.

8

individual.'"[49] The Supreme Court has determined that the key inquiry "'is not whether the . . . agency receives federal money and must comply with federal standards and regulations, but whether its day-to-day operations are supervised by the Federal Government.'"[50]

But the Court's analysis does not end there. As further explained by the Fifth Circuit, "[i]f the government lacks the power to directly control an individual, then the court must look at other factors before deciding the individual's status as employee or independent contractor."[51] The Fifth Circuit considers the following additional factors set forth by Restatement (Second) of Agency § 220:

(a) the extent of control which, by the agreement, the master may exercise over the details of the work;
(b) whether or not the one employed is engaged in a distinct occupation or business;
(c) the kind of occupation, with reference to whether, in the locality, the work is usually done under the direction of the employer or by a specialist without supervision;
(d) the skill required in the particular occupation;
(e) whether the employer or the workman supplies the instrumentalities, tools, and the place of work for the person doing the work;
(f) the length of time for which the person is employed;
(g) the method of payment, whether by the time or by the job;
(h) whether or not the work is a part of the regular business of the employer;
(i) whether or not the parties believe they are creating the relation of master and servant; and
(j) whether the principal is or is not in business.[52]

---

[49] *Creel v. U.S.*, 598 F.3d 210, 213 (5th Cir. 2010)(quoting *Linkous*, 142 F.3d at 275).
[50] *Cavazos By and Through Cavazos v. U.S.*, 776 F.2d 1263, 1264 (5th Cir. 1985)(quoting *United States v. Orleans*, 425 U.S. 807, 815 (1976)).
[51] *Linkous*, 142 F.3d at 276 (citing *Rodriguez v. Sarabyn,* 129 F.3d 760, 765 (5th Cir.1997)).
[52] *Creel*, 598 F.3d at 213 (quoting RESTATEMENT (SECOND) OF AGENCY § 220 (1958)).

"Although such a determination does not require mathematical precision, if the government lacks the power to control an individual, plus several factors listed in § 220 weigh in favor of independent contractor status, then a court must conclude that the individual is an independent contractor."[53]

Here, in determining the extent of control which USPS exercised over the details of the work, the Court finds that the government lacks the power to directly control Porsha Blackmore on her detailed daily operations. The evidence in the record, specifically the Transportation Contract,[54] the Declaration of the Manager of the Transportation Contracts for the United States Postal Service Contract Delivery Services Office,[55] and the Declaration of the Postmaster of Ponchatoula,[56] each evinces a lack of day-to-day control by USPS over its contract delivery drivers. Plaintiff simply relies on the same Transportation Contract to argue that Blackmore was an employee of USPS.[57] True, USPS ensured Porsha Blackmore's compliance with the terms and conditions of the Transportation Contract.[58] Such terms and conditions are specifically found in the Statement of Work and Specification, which addresses route information, times, schedules, inspections, frequencies, and loading times.[59]

Even so, such terms and conditions left Blackmore Contract Delivery, LLC and Porsha Blackmore with substantial daily autonomy. Blackmore Contract Delivery,

---

[53] *Linkous*, 142 F.3d at 276.
[54] R. Doc. 19-8.
[55] R. Doc. 19-7.
[56] R. Doc. 32-1.
[57] *See* R. Doc. 27.
[58] R. Doc. 19-8 at pp. 12–25.
[59] *Id.*

10

LLC was responsible for the hiring, training, and pay of its employees.[60] Moreover, Blackmore Contract Delivery, LLC provided Porsha Blackmore with the equipment and vehicles to perform the work.[61] Porsha Blackmore was then required to obtain her own automobile insurance, and she was also solely responsible for any maintenance of the vehicle or loss or damages to her equipment or vehicles, except for those caused by USPS or its employees.[62] Thus, while USPS required compliance with matters such as timeliness, inspections, and vehicle size, Porsha Blackmore retained broad autonomy over her daily operations. Further, Blackmore was solely responsible for paying employees she hired in the performance of the Transportation Contract.[63] There was no withholding of taxes or social security from payments made to Blackmore, nor did USPS provide retirement or any other federal government benefits for Blackmore or her employees.[64] The Court therefore finds that USPS did not control Porsha Blackmore's detailed daily operations.

Notably, the authority to monitor compliance "does not itself create liability for the United States."[65] "[A] contractual reservation 'to the United States [of] the right to inspect the work and facilities of the independent contractor . . . and the right to stop the work, does not in itself override or alter the general rule of nonliability for the torts of the contractor.'"[66] And "[c]ontractual provisions directing detailed

---

[60] R. Doc. 19-7 at pp. 5–6.
[61] R. Doc. 19-8 at pp. 15–16.
[62] R. Doc. 19-8 at pp. 22, 24–25.
[63] R. Doc. 19-7 at p. 5.
[64] *Id.*
[65] *Battaglia v. U.S.*, 495 Fed. Appx. 440, 442 (5th Cir. 2012)(citing *Alexander v. United States,* 605 F.2d 828, 833 (5th Cir.1979)).
[66] *Id.* (quoting *Alexander*, 605 F.2d at 834).

performance generally do not abrogate the contractor exception. The United States may 'fix specific and precise conditions to implement federal objectives' without becoming liable for an independent contractor's negligence."[67] Thus the Court finds that the limited degree of control exercised by USPS weighs in favor of independent contractor status. For the same reasons, in its analysis of factor (a), the extent of control which, by the agreement, the master may exercise over the details of the work, the Court finds that this falls squarely in favor of independent contractor status.

As to factor (b), whether or not the one employed is engaged in a distinct occupation or business, Porsha Blackmore formed a distinct business entity in Blackmore Contract Delivery, LLC.[68] Such company was responsible for hiring its own employees, and Porsha Blackmore was not entitled to any federal government employee benefits such as workers' compensation, retirement, or thrift savings plan benefits.[69]

Factor (e), whether the employer or the workman supplies the instrumentalities, tools, and the place of work for the person doing the work, likewise supports finding independent contractor status. Under the Transportation Contract, Porsha Blackmore provided her own equipment and vehicle for carrying out mail

---

[67] *Autery v. U.S.*, 424 F.3d 944, 957 (9th Cir. 2005)(quoting *Orleans*, 425 U.S. at 816). *See also James v. Ailes*, NO. 4:20-CV-124-DMB-JMV, 2021 WL 3877681, at *5 (N.D. Miss. Aug. 30, 2021); *Jimenez v. United States*, SA-20-CV-00575-XR, 2021 WL 860008, at *5 (W.D. Tex. Mar. 5, 2021); *Estate of Anderson-Coughlin v. United States*, No. 3:16-cv-01492 (JAM), 2017 WL 6624020, at *4 (D. Conn. Dec. 28, 2017) ("By imposing these requirements, the Postal Service was acting as a general overseer of the delivery of mail under the contract, but the job of supervising drivers' conformity with the requirements under the contract was delegated to Beam.").
[68] R. Doc. 11.
[69] R. Doc. 19-7 at p. 5.

delivery services under the contract.[70] As noted, she was required to obtain her own vehicle, vehicle insurance and was also liable for any loss or damages to her vehicle or equipment, except for those that were caused by USPS or one of its employees.[71] To the extent that Plaintiff argues that the mail to be delivered was a tool, the Court disagrees.[72]

Factor (g), the method of payment, as conceded by Plaintiff, also favors independent contractor status as Blackmore was paid under a contract rate.[73] Lastly, pertaining to factor (i), whether or not the parties believe they are creating the relation of master and servant, the terms and conditions of the Transportation Contract suggest that the parties did not intend to create a traditional employee/employer relationship. Porsha Blackmore was required to complete a Form 1099,[74] did not receive any federal employee benefits, and was defined as a "Supplier" throughout the Transportation Contract.[75] Further, and perhaps most importantly, the Transportation Contract provided that "[e]mployees of the U.S. Postal Service" are "[p]ersons ineligible to become suppliers[.]"[76] Thus, it cannot be reasonably argued that the contracting parties believed they were creating a traditional employee/employer relationship whereby Porsha Blackmore would become a USPS

---

[70] R. Doc. 19-8 at pp. 15–17.
[71] *Id.* at p. 22.
[72] R. Doc. 27 at pp. 16–17.
[73] *Id.* at p. 17.
[74] 1099 employees are "workers who receive a Form 1099 at the end of the tax year indicating that they are independent contractors. This is in contrast to the W-2 form that traditional employees receive." *M.D. Claims Group, LLC v. Anchor Specialty Insurance Company*, CIVIL ACTION NO.: 17-00369-BAJ-RLB, 2018 WL 6739066, at *4 n.2 (M.D. La. Dec. 24, 2018).
[75] R. Doc. 19-7 at pp. 4–6.
[76] R. Doc. 19-8 at p. 34.

employee. Plaintiff concedes that this factor, too, falls in favor of independent contractor status.[77]

As a final point, numerous district courts have found that delivery drivers operating under similar transportation contracts are not employees of the Postal Service.[78] At least one previous Section of this Court has found that a mail delivery driver acting on behalf of USPS pursuant to a transportation contract is not a federal employee but instead an independent contractor.[79] A similar result was also reached in the Middle District of Louisiana in a case where, coincidentally, the driver of the vehicle involved in the accident was Rekeya Blackmore and the vehicle was allegedly owned by Porsha Blackmore.[80] In that case, the government advised that the driver was also performing contract mail delivery services.[81]

In sum, the Court finds that USPS did not control the detailed daily operations of Blackmore Deliveries, LLC and Porsha Blackmore under the Transportation Contract. The Court has further analyzed the Fifth Circuit's factors and determines that factors (a), (b), (e), (g), and (i) support finding independent contractor status. Again, the Fifth Circuit has held that "if the government lacks the power to control

---

[77] R. Doc. 27 at p. 18.
[78] *Jimenez*, 2021 WL 860008, at *6 (gathering authority).
[79] *Duncan v. United States*, 562 F.Supp. 96, 100 (E.D. La. 1983)(Heebe, J.)("Those provisions of the contract, which described in detail the service requirements placed by the government on the carrier, did not amount to a control of the manner and method in which the actual delivery of the mail was made, or of his conduct along the route. Instead, they merely indicated the right of the government by these provisions to insure that the mail would be properly transported and delivered in accordance with the intent of the contract.").
[80] *Arbuthnot v. United States*, CIVIL ACTION NO. 17-1667-JWD-RLB, 2018 WL 6528461, at *1 (M.D. La. Dec. 12, 2018)(deGravelles, J.).
[81] *Id.* at *2 (granting the United States' motion to dismiss for lack of subject matter jurisdiction and noting that "[t]he Government has stridently argued that Blackmore and Cage, her employer, were independent contractors and that it did not have an employment relationship with either[]").

an individual, plus several factors listed in § 220 weigh in favor of independent contractor status, then a court must conclude that the individual is an independent contractor."[82] The Court has determined that the government lacked the day-to-day control of Blackmore. It has further found that an analysis of the additional factors weigh in favor of independent contractor status. The Court declines to undercut precedent. Dismissal is required.[83]

## IV. LEAVE TO AMEND

The Court freely grants leave to amend when justice requires, unless amendment would be futile.[84] Plaintiff contends, correctly, that "a court generally should not dismiss an FTCA claim for misnaming the agency without permitting substitution of the United States[.]"[85] While that is accurate, considering Plaintiffs' concession that the United States government, not USPS, is the proper federal defendant in this matter,[86] the Court finds that granting Plaintiffs leave to amend their Complaint would be futile. Importantly, *even if* Plaintiffs were granted leave to amend to add or substitute the United States government as the appropriate federal defendant, the Court's analysis that it lacks subject matter jurisdiction over

---

[82] *Linkous*, 142 F.3d at 276.
[83] Insofar as Plaintiffs ask the Court to permit jurisdictional discovery, the Court denies such request. R. Doc. 27 at p. 2. A "plaintiff is not entitled to jurisdictional discovery when 'the record shows that the requested discovery is not likely to produce the facts needed to withstand a Rule 12(b)(1) motion.'" *Monkton Ins. Services, Ltd. v. Ritter*, 768 F.3d 429, 434 (5th Cir. 2014)(quoting *Freeman v. United States,* 556 F.3d 326, 342 (5th Cir. 2009)). Further, Plaintiff bears the burden of demonstrating the necessity of jurisdictional discovery. Plaintiff has failed to carry that burden. Here, the Court finds that jurisdictional discovery would fail to unearth significant facts that would change its calculus. Plainly, no additional facts would change the nature of the Transportation Contract and Porsha Blackmore's status as an independent contractor.
[84] Fed. R. Civ. P. 15.
[85] R. Doc. 27 at p. 22.
[86] *Id.* at p. 2.

Plaintiffs' claims against the government would remain unchanged. An amended Complaint properly naming the United States as the defendant would fail for the reasons stated herein. Therefore, any amendment would be futile as the court would lack jurisdiction. Plaintiffs are denied leave to amend their Complaint.[87]

## V. CONCLUSION

For the reasons set forth above, it is **HEREBY ORDERED** that Federal Defendant's Motion to Dismiss[88] is **GRANTED.**

**IT IS FURTHER ORDERED** that Plaintiffs' claims against the government are **DISMISSED WITHOUT PREJUDICE.**[89]

New Orleans, Louisiana, January 5, 2026.

*Wendy B. Vitter*
**WENDY B. VITTER**
**UNITED STATES DISTRICT JUDGE**

---

[87] *See Stripling v. Jordan Production Co., LLC*, 234 F.3d 863, 872 (5th Cir. 2000)("It is within the district court's discretion to deny a motion to amend if it is futile.").
[88] R. Doc. 19.
[89] *See Hix v. U.S. Army Corps. of Engineers*, 155 Fed. Appx. 121, 128 (5th Cir. 2005)("Finally, because it lacked subject-matter jurisdiction over Appellants' claims, the district court erred in dismissing the claims with prejudice, which also operates as a judgment on the merits.").