**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **JANTESHA GIBSON, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 25-124** |
| **UNITED STATES POSTAL SERVICE, ET AL.** | **SECTION: D (5)** |

<u>**ORDER AND REASONS**</u>

Before the Court is a Motion to Dismiss under Rule 12(b)(6), filed by Defendants Porsha Blackmore and Blackmore Contract Delivery, LLC ("Defendants").[1] Jantesha Gibson[2] and Natisha Gibson ("Plaintiffs") oppose the Motion.[3] Defendants have filed a Reply.[4] After careful consideration of the parties' memoranda, the record, and the applicable law, the Court **DENIES** the Motion as moot and dismisses the above-captioned matter for lack of subject matter jurisdiction.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

The Court has previously set forth in detail the factual and procedural background in this matter.[5] The Court, therefore, provides the factual and procedural background solely as relevant to the instant Motion.

On February 11, 2025, Plaintiffs filed suit against Porsha Blackmore, Blackmore Contract Delivery, LLC, and the United States Postal Service ("USPS") in this Court arising out of a November 29, 2022 motor vehicle accident in Ponchatoula,

---

[1] R. Doc. 39.
[2] Jantesha Gibson filed suit individually and on behalf of her children J.W. and J.G. R. Doc. 11 at p. 1. For the sake of convenience only, the Court solely refers to Plaintiffs Jantesha Gibson and Natisha Gibson in this Order and Reasons.
[3] R. Doc. 45.
[4] R. Doc. 46.
[5] R. Doc. 43.

Louisiana.[6] Plaintiffs assert a claim for negligence against Defendants under Louisiana law and asserted claims for negligence and negligent oversight and supervision of its personnel against USPS pursuant to the Federal Tort Claims Act ("FTCA").[7] The Court has since dismissed USPS from the above-captioned matter for lack of subject matter jurisdiction.[8]

On December 16, 2025, Defendants filed the instant Motion to Dismiss under Rule 12(b)(6).[9] In the Motion, Defendants assert that Plaintiffs' Complaint "pleads a state court tort claim against Blackmore Defendants, and to the extent the Plaintiffs could amend their Complaint to assert other state tort claims against Blackmore Defendants, the amendment would be without merit as any state court claims are prescribed, as is evident from the face of the pleadings."[10] Thus, Defendants contend that their Motion should be granted.[11]

Plaintiffs have filed an Opposition, in which Plaintiffs maintain that dismissal is improper.[12] As further explained by Plaintiffs:

> The complaint, read in Plaintiffs' favor, adequately states a negligence claim under Louisiana Civil Code article 2315 and does not, on its face, definitively establish a one-year prescriptive bar. In particular, the prescription defense cannot be resolved at the pleadings stage because factual questions exist as to tolling and the relationship between the defendants. Moreover, even if the Court finds any pleading deficiency, Plaintiffs respectfully request leave to amend under Federal Rule of Civil Procedure 15(a) rather than a dismissal with prejudice, so that justice may be done on the merits.[13]

---

[6] R. Doc. 11.
[7] *Id.* at pp. 1–4.
[8] R. Doc. 43.
[9] R. Doc. 39.
[10] R. Doc. 39-1 at p. 2.
[11] *Id.* at p. 6.
[12] R. Doc. 45.
[13] *Id.* at p. 1.

Thus, according to Plaintiffs, the instant Motion should be denied.[14]

Defendants, in Reply, contend that "Plaintiffs' positions are misplaced."[15] Defendants argue that because "[a] federal administrative claim does not toll prescription of a state tort claim and the United States has been ruled to have no liability to Plaintiffs[,]"[16] Plaintiffs' state law claims against Defendants are barred via prescription.[17] Accordingly, Defendants reiterate that their Motion to Dismiss under Rule 12(b)(6) should be granted.[18]

## II.    LEGAL STANDARD

### A. Subject Matter Jurisdiction

"Federal courts are courts of limited jurisdiction; without jurisdiction conferred by statute, they lack the power to adjudicate claims."[19] Under 28 U.S.C. § 1331, "[f]ederal district courts have 'original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States[.]'"[20] "If, on its face, the plaintiff's complaint raises no issue of federal law, federal question jurisdiction is lacking."[21] Pursuant to 28 U.S.C. § 1332(a), "[f]ederal district courts also have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, and is between: (1) citizens of different States; or (2)

---

[14] *Id.* at pp. 18–19.

[15] R. Doc. 46.

[16] *Id.* at p. 3.

[17] *Id.*

[18] *Id.* at p. 3.

[19]  *In re FEMA Trailer Formaldehyde Prod. Liab. Litig.*, 668 F.3d 281, 286 (5th Cir. 2012).

[20] *Taylor v. Brook Valley Management, Incorporated*, No. 25-10327, 2025 WL 2613236, at *1 (5th Cir. Sept. 10, 2025)(quoting 28 U.S.C. § 1331).

[21] *Hart v. Bayer Corp.*, 199 F.3d 239, 244 (5th Cir. 2000)(citing  *Franchise Tax Bd. v. Laborers Vacation Trust,* 463 U.S. 1, 10 (1983)).

citizens of a State and citizens of a foreign state."[22] "The diversity statute requires 'complete diversity' of citizenship[,]" as a "federal court cannot exercise diversity jurisdiction if one of the plaintiffs shares the same citizenship as any one of the defendants."[23]

## B. Supplemental Jurisdiction

In pertinent part, 28 U.S.C. § 1367(a) states that "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy . . . ."[24] Section 1367(c) provides that a district court may decline to exercise supplemental jurisdiction over a state law claim under subsection (a) as defined above if "(1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction."[25]

Under § 1367(a), in any civil action in which the district court has original jurisdiction, a district court "has supplemental jurisdiction over state-law claims sharing a 'common nucleus of operative fact' with the federal-law ones."[26]

---

[22] *Dos Santos v. Belmere Ltd. Partnership*, 516 Fed. Appx. 401, 402 (5th Cir. 2013)(citing 28 U.S.C. § 1332).

[23] *Stiftung v. Plains Marketing, L.P.*, 603 F.3d 295, 297 (5th Cir. 2010)(citation modified).

[24] 28 U.S.C. § 1367(a).

[25] 28 U.S.C. § 1367(c).

[26] *Royal Canin U.S.A., Inc. v. Wullschleger*, 604 U.S. 22, 31 (2025)(quoting *Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966)).

Importantly, as clearly stated in 28 U.S.C. § 1367, the Supreme Court has explained that "[i]n order for a federal court to invoke supplemental jurisdiction . . . it must first have original jurisdiction over at least one claim in the action."[27]

### III. ANALYSIS

The Court begins and ends its analysis with a determination of its subject matter jurisdiction. "The issue of subject matter jurisdiction cannot be waived, and federal courts 'are duty-bound to examine the basis of subject matter jurisdiction' at all stages in the proceedings and dismiss if jurisdiction is lacking."[28] Therefore, before the Court can address the merits of the instant Motion, it must assure itself of subject matter jurisdiction to hear this dispute.[29]

The parties miss the forest for the trees by summarily assuming that supplemental jurisdiction exists. Plaintiffs' Complaint "asserts two causes of action: (1) an FTCA claim against the United States (through USPS) for the negligence of its personnel, and (2) a Louisiana state-law negligence claim against the Blackmore Defendants for breaching their duty of care in causing the motor vehicle accident."[30] Defendants contend that "Plaintiffs could potentially assert state court tort claims against Defendants based on diversity jurisdiction and supplemental jurisdiction utilizing the application of state substantive law and federal procedural law."[31] Similarly, Plaintiffs argue that "[g]iven the FTCA claim, this case was filed in federal

---

[27] *Exxon Mobil Corp. v. Allapattah Services, Inc.*, 545 U.S. 546, 554 (2005).
[28] *Reule v. Jackson*, 114 F.4th 360, 365 (5th Cir. 2024)(quoting *Colvin v. Leblanc*, 2 F.4th 494, 498 (5th Cir. 2021)).
[29] *Id.*
[30] R. Doc. 45 at p. 2; R. Doc. 11 at pp. 3–4, ¶¶ 16–22.
[31] R. Doc. 39-1 at p. 3.

court, and the Court has at least supplemental jurisdiction over the related state-law claims."[32] For the reasons set forth below, the Court determines that it lacks subject matter jurisdiction and dismisses the above-captioned matter in its entirety.

"[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy . . . ."[33] Crucially, however, "[w]ithout original jurisdiction on the federal claim, the court cannot assert jurisdiction over state-law claims, even if those claims derive from a common nucleus of operative facts."[34]

On January 5, 2026, the Court dismissed USPS from the above-captioned matter for lack of subject matter jurisdiction under the FTCA.[35] Plaintiffs' only remaining claim, therefore, is against Defendants pursuant to Louisiana law.[36] Because the Court determined that it lacked original jurisdiction, or federal question subject matter jurisdiction, over Plaintiffs' claim against USPS under the FTCA, supplemental jurisdiction is inapplicable.[37] Therefore, the Court must determine whether it has another form of original jurisdiction – diversity jurisdiction – over Plaintiffs' state law claim against Defendants.[38]

---

[32] R. Doc. 45 at p. 2.

[33] 28 U.S.C. § 1367(a).

[34] *Arena v. Graybar Elec. Co., Inc.*, 669 F.3d 214, 222 (5th Cir. 2012).

[35] R. Doc. 43.

[36] R. Doc. 11.

[37] *Exxon Mobil Corp.*, 545 U.S. at 554 ("In order for a federal court to invoke supplemental jurisdiction . . . it must first have original jurisdiction over at least one claim in the action.").

[38] Even if Plaintiffs asserted that they had a cognizable claim against Defendants under the FTCA, such argument would be without merit. *See Linkous v. U.S.*, 132 F.3d 271, 275 (5th Cir. 1998)(stating that, under the FTCA, "if [a] [tortious] act was not committed by an 'employee of the Government,' then the court must dismiss for lack of subject matter jurisdiction . . . "). Therefore, because the Court has already determined that Porsha Blackmore was an independent contractor, and not an employee

Although Plaintiffs' Complaint does not invoke diversity jurisdiction,[39] "it is 'well settled that where a complaint fails to cite the statute conferring jurisdiction, the omission will not defeat jurisdiction if the facts alleged in the complaint satisfy the jurisdictional requirements of the statute.'"[40] As noted, diversity jurisdiction demands "complete diversity," which "'requires that all persons on one side of the controversy be citizens of different states than all persons on the other side.'"[41]

The test for determining a party's citizenship depends on the type of party.[42] Regarding parties who are individuals, "the difference between *citizenship* and *residency* is a frequent source of confusion."[43] As explained by the Fifth Circuit:

> For individuals, citizenship has the same meaning as domicile, and the place of residence is prima facie the domicile. Nevertheless, citizenship and residence, as often declared by this court, are not synonymous terms. Citizenship requires not only residence in fact but also the purpose to make the place of residence one's home. Therefore, an allegation of residency alone does not satisfy the requirement of an allegation of citizenship.[44]

For limited liability companies, however, citizenship "is determined by the citizenship of all of its members."[45] Accordingly, "to establish diversity jurisdiction, a party 'must specifically allege the citizenship of every member of every LLC.'"[46]

---

of the government, the Court finds that there is no possibility of federal question jurisdiction. *See* R. Doc. 43.

[39] *See* R. Doc. 11.

[40] *Mendoza v. Murphy*, 532 F.3d 342, 346 (5th Cir. 2008)(quoting *Hildebrand v. Honeywell, Inc.,* 622 F.2d 179, 181 (5th Cir. 1980)).

[41] *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079 (5th Cir. 2008)(quoting *McLaughlin v. Mississippi Power Co.,* 376 F.3d 344, 353 (5th Cir. 2004)).

[42] *See id.* at 1079–80.

[43] *MidCap Media Finance, L.L.C. v. Pathway Data, Incorporated*, 929 F.3d 310, 313 (5th Cir. 2019)(emphasis original).

[44] *Id.* (citation modified).

[45] *Id.* at 314 (quoting *Harvey*, 542 F.3d at 1080).

[46] *Id.* (quoting *Settlement Funding, L.L.C. v. Rapid Settlements, Ltd.*, 851 F.3d 530, 536 (5th Cir. 2017)).

Here, diversity of citizenship does not exist. In their Complaint, Plaintiffs allege that they are individuals who are residents of Ponchatoula, Louisiana.[47] An allegation of residency alone, as explained by the Fifth Circuit, is insufficient.[48] Additionally, Plaintiffs filed a Rule 7.1 disclosure statement, which only advises that "[t]he disclosing parties are not a nongovernmental corporate party (or a nongovernmental corporation that seeks to intervene) nor is the disclosing party either a party or an intervenor in an action in which jurisdiction is based on diversity under 28 U.S.C. § 1332(a)[.]"[49] Thus, Plaintiffs' Complaint and their Rule 7.1 disclosure statement fail to establish Plaintiffs' citizenship for purposes of diversity jurisdiction.

Defendants, in their Rule 7.1 disclosure statement, advise that "Blackmore Contract Delivery, LLC, is a limited liability company with one member, Porsha Blackmore, who is now and was at the time of the removal a citizen of the State of Louisiana."[50] While Defendants' Rule 7.1 disclosure statement advises that Blackmore "was at the time of the removal a citizen of the State of Louisiana[,]"[51] this matter was never removed to this Court but instead commenced via Plaintiffs' Complaint.[52] Additionally, in direct contradiction to Plaintiffs' Rule 7.1 disclosure statement, Defendants advise that they are either parties or intervenors "in an action in which jurisdiction is based on diversity under 28 U.S.C. § 1332(a)[.]"[53]

---

[47] R. Doc. 11 at p. 2, ¶¶ 6–7.
[48] *MidCap Media Finance, L.L.C.*, 929 F.3d at 313.
[49] R. Doc. 41 at p. 1.
[50] R. Doc. 31 at p. 2.
[51] *Id.*
[52] R. Doc. 11.
[53] R. Doc. 31 at p. 1.

Notwithstanding the above, Defendants adequately allege their citizenship, as they allege that Porsha Blackmore, the sole member of Blackmore Contract Delivery, LLC, is a citizen of Louisiana.[54] Thus, for purposes of diversity jurisdiction, Defendants are citizens of Louisiana. Since "establishing the citizenship of one party is insufficient to demonstrate complete diversity under § 1332[,]" the Court determines that it does not have diversity jurisdiction over Plaintiffs' state law claim.[55]

Overall, the Court has already determined that it lacks federal question subject matter jurisdiction over Plaintiffs' claim against USPS pursuant to the FTCA.[56] Additionally, the Court finds that it lacks diversity subject matter jurisdiction over Plaintiffs' state law claim against Defendants for negligence. As explained by the Fifth Circuit: "[i]f the record does not contain sufficient evidence to show that subject matter jurisdiction exists, a federal court does not have jurisdiction over the case."[57] Dismissal is required.

### IV. CONCLUSION

For the reasons set forth above,

**IT IS HEREBY ORDERED** that Plaintiffs' claims against Defendants are **DISMISSED WITHOUT PREJUDICE.**[58]

---

[54] *Id.* at p. 2.

[55] *MidCap Media Finance, L.L.C.*, 929 F.3d at 314. Notably, if the Court had accepted the allegations in Plaintiffs' Complaint stating that Plaintiffs are "residents" of Louisiana as indicating citizenship, the result would be the same, namely, that diversity of citizenship does not exist.

[56] R. Doc. 43.

[57] *Settlement Funding, L.L.C.*, 851 F.3d at 537.

[58] *In re Great Lakes Dredge & Dock Co. LLC*, 624 F.3d 201, 209 (5th Cir. 2010)("[I]f the district court had held that it lacked subject matter jurisdiction, it should have entered dismissal without prejudice to allow the Claimants to retry their claims in a court with jurisdiction to hear them.").

**IT IS FURTHER ORDERED** that Defendants' Motion to Dismiss under Rule 12(b)(6)[59] is **DENIED AS MOOT.**

New Orleans, Louisiana, April 8, 2026.

**WENDY B. VITTER**
**UNITED STATES DISTRICT JUDGE**

---

[59] R. Doc. 39.